

DISTRICT COURT
**FILED**
JUL 07 2025
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

SHANNON STAFFORD, an Individual,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, a Foreign Corporation,

Defendant.

Case No. **CJ-2025-02950**

REBECCA NIGHTINGALE

ATTORNEY LIEN CLAIMED

## PETITION

COMES NOW the Plaintiff, Shannon Stafford, by and through her attorneys of record, SMOLEN | LAW, PLLC, and for her cause of action against the Defendant, State Farm Fire and Casualty Company, alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Shannon Stafford is a resident of Tulsa County, Oklahoma.

2.  Defendant State Farm Fire and Casualty Company ("State Farm") is a foreign corporation with its principal place of business in Illinois. State Farm is licensed to conduct business as an insurer in Oklahoma and regularly conducts business in Tulsa County, Oklahoma.

3.  The acts, occurrences, and omissions complained of herein occurred in Tulsa County, Oklahoma.

4.  This Court has jurisdiction over the parties hereto and the subject matter of this controversy. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

5.  Venue is appropriate in the District Court in and for Tulsa County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

6.  Paragraphs 1-5 are incorporated herein by reference.

1

**EXHIBIT**
**7**

7.    Plaintiff owns real property located at 8352 S. Urbana Ave., Tulsa, Oklahoma 74137 (hereinafter "Property").

8.    Plaintiff purchased an insurance policy from Defendant State Farm for the Property. The insurance policy was designated Policy Number 36-CP-M139-6 (hereinafter "Policy").

9.    The Policy included "Coverage A" dwelling protection coverage.

10.    On or about May 7, 2024, a storm caused damage to Plaintiff's roof, resulting in interior water leaking.

11.    Plaintiff submitted a claim to Defendant State Farm under the Policy for the damage to the roof and interior.

12.    Defendant State Farm significantly undervalued the damage to the Property with the intent of denying Plaintiff's claim.

13.    Upon information and belief that will be confirmed in discovery, Defendant State Farm fabricated multiple bases to deny coverage to Plaintiff for the damage to her Property in express contradiction to the Policy and Oklahoma law.

14.    Plaintiff relied on Defendant State Farm to properly handle her claim and make payment on the applicable claim pursuant to Policy. Plaintiff has met all of the conditions precedent for payment of her claim under the Policy.

15.    Defendant State Farm has mishandled Plaintiff's claim and unreasonably failed and refused to pay the benefits owed to Plaintiff under the Policy.

16.    As a direct result of Defendant's acts and omissions, Plaintiff has suffered extensive and considerable damage to her Property, as well as the deprivation of insurance benefits necessary to repair the Property, loss of use, out-of-pocket costs, as well as embarrassment, and mental and emotional distress and anguish in excess of Seventy-Five Thousand Dollars ($75,000.00).

2

## CAUSES OF ACTION

### COUNT I.    BREACH OF CONTRACT

17.    Paragraphs 1-16 are incorporated herein by reference.

18.    Plaintiff was, at all times relevant hereto, an intended beneficiary of the Policy written by Defendant State Farm.

19.    Pursuant to the terms of the Policy, this is a factual situation wherein dwelling protection coverage applies.

20.    Plaintiff requested Defendant State Farm tender payment under said Policy and reasonably performed all conditions precedent under the Policy.

21.    Defendant State Farm has unreasonably failed and refused to pay Plaintiff for the damage to the roof of her Property.

22.    As a result of Defendant State Farm's breach of contract, Plaintiff has suffered the damages as set forth above.

### COUNT II.    BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

23.    Paragraphs 1-22 are incorporated herein by reference.

24.    Defendant State Farm owed Plaintiff a duty to act in good faith and deal fairly with her in its handling of her claim for benefits under the Policy.

25.    In its handling of Plaintiff's claim for benefits under the Policy, and as a matter of routine practice in handling similar claims, Defendant State Farm breached the contract and its duty to deal fairly and in good faith towards Plaintiff in the following respects:

      a.    Failing to pay Plaintiff the insurance benefits that she is entitled to under the Policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

3

b.    Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

c.    Refusing to honor Plaintiff's claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

d.    Unreasonably delaying payment of benefits without reasonable basis;

e.    Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

f.    Intentionally and recklessly misapplying the provisions of the insurance Policy;

g.    Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to affect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

h.    Failing to properly investigate the Plaintiff's claim for benefits;

i.    Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

j.    Utilizing a virtual claim handling process;

k.    Failing to adopt and implement reasonable standards for the prompt and reasonable investigation and handling of claims arising under the policies including the claim of the Plaintiff; and,

l.    Failing to attempt to act in good faith to effectuate a prompt, fair settlement for Plaintiff's claim.

26.    As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy

benefits, mental and emotional distress, anxiety, embarrassment, and financial hardship, all of which are in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT III.   PUNITIVE DAMAGES

27.    Paragraphs 1-26 are incorporated herein by reference.

28.    Defendant acted intentionally, maliciously and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

**WHEREFORE**, Plaintiff prays this Court enter judgment against Defendant and grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), post-judgment interest and all other relief deemed appropriate by this Court. Plaintiff demands a jury trial on all issues and causes.

Respectfully submitted,

SMOLEN | LAW, PLLC

Donald E. Smolen, II, OBA #19944
Christopher D. Mochulsky, OBA #36345
611. S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
chrism@smolen.law
*Attorneys for Plaintiff*

5